The opinion of the court was delivered by
Fenner, J.
Plaintiffs, claiming title to certain sections of land designated as sections 7, 8 and 9, bring their petitory action against defendant alleging that he is in possession of a portion of said lands to which he wrongfully and falsely sets up title.
Defendants answer by a general denial.
There is no dispute as to plaintiffs’ ownership of sections 7, 8 and 9. The question is whether the land occupied by defendant is embraced within those sections. The sections were established by a U. S. Survey made in 1836 by Connelly, U. S. Surveyor.
We agree with the judge a qua that Connelly’s field notes, taken in connection with the evidence in this case, sufficiently show that his lines toward the south only ran to a sea marsh bordering a sheet of water known as West%ay, and that, at that time, the land, now in controversy, did not exist as dry land, but lay within, and was covered by the waters of West Bay. The function of Surgi, the surveyor in this case, was simply to run out and define the lines established by Connelly. There is much confused and contradictory testimony as to the errors committed by Surgi, which we need not discuss, but when he runs the lines in such manner as to embrace within them the land in controversy, which then undoubtedly lay under the waters of West Bay, it is clear he runs lines which Connelly did not and could not have run.
We take it, therefore, to be very certain that this land was not included within the lines of these sections as established by the *529 original survey and as patented to plaintiffs’ authors by the United States.
Plaintiffs’ claim of title by accession resulting from accretion seems to us equally unfounded. The evidence shows that, after the Mississippi river found a new channel through what is called the Jump, this land was formed, by the deposits from its overflow, as an island in West Bay. Between the waters of West Bay and the southern line of plaintiffs’ sections, as established by the field notes of Connelly, there was a stretch of sea marsh, which was ceded by the United States to the State of Louisiana under Act of Congress of 1849. Therefore, the State, and not plaintiffs, was riparian proprietor on West Bay, and no accretion there formed could benefit plaintiffs. Nor were plaintiffs riparian proprietors on the Jump, in, front of this land. The Jump runs north and south, and this land lies south of plaintiffs’ line, running perpendicularly to the Jump.
Plaintiffs’ claim of 'title by prescription has no merit. The evidence is confused, contradictory and, for the most part, incomprehensible. It establishes no such certain and continuous possession as is necessary to support the plea. Defendant has been in possession for more than ten years and has been paying taxes on the land.
We can discover no ground for disturbing the conclusion reached by the District Judge.
Judgment affirmed.